UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHELTON BEAMAN,

            Plaintiff,

-against-

NEW YORK CITY, et al.,

            Defendants.

24-CV-2350 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983 and state law, alleging that Defendants violated his due process rights by depriving him of access to supportive housing. By order dated April 1, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff, who is homeless, brings this action alleging that Defendants violated his rights by depriving him of access to supportive housing. Named as defendants are: (1) the City of New York; (2) New York City Human Resources Administration ("HRA"); (3) New York City HIV/AIDS Services Administration ("HASA"); and (4) Ms. Barnes, identified as an employee of HASA who works closely with the Commissioner of HASA. Plaintiff seeks declaratory and unspecified injunctive relief, as well as money damages.

The following information is taken from the complaint. Plaintiff is a client of HASA who is eligible for supportive housing. In 2019, he submitted a Permanent Supportive Housing ("PSH") 2010e application for an apartment located at 257 West 29th Street in Manhattan, but Defendant Barnes "adamantly claimed that a 'Mental Diagnosis' was a requirement for PSH

eligibility for HASA clients" at that apartment building.[1] (ECF 1 ¶ 14.) On March 21, 2024, Plaintiff met with Defendant Barnes and a Ms. Cherri in a conference room at the Crown Residence ("Crown"), where he resides. Barnes informed Plaintiff that his recently filed PSH 2010e application would be processed and he would get a decision from HRA. Barnes then asked Plaintiff whether he had previously submitted a PSH 2010e application, and he responded that, he had in 2014, under a Veterans Affairs program. Barnes asked if Plaintiff had had a mental diagnosis, and when Plaintiff said no, she told him that he would need a mental diagnosis to be eligible for supportive housing. Barnes asked several more questions and typed information in a laptop she had with her. She then stated that according to their records, Plaintiff had an approved 2019 PSH 2010e application, but that there was no indication of a mental diagnosis, and she asked him if he had had a mental diagnosis, to which he responded, no. The following then happened:

> Barnes, with intent to injure and harass Plaintiff, issued an ineligible determination with knowledge that Plaintiff could not have possibly asserted or claimed that he had a mental diagnosis on the initial Supportive Housing 1020-e application date in 2019, said "So then you're not eligible!

(*Id*. ¶ 34.) Barnes then referred to Plaintiff's residence at Crown since June 29, 2023, and left the room to get Inez Logan, the Clinical Director of the Crown.

Less than a minute later, Barnes returned to the conference room with Logan. She stated to Logan, "He doesn't have a mental diagnosis so he's not eligible." (*Id*. ¶ 36.) Logan responded that, since Plaintiff had been a resident of Crown for six months, that they would need to meet with his case manager "to see what's what." (*Id*. ¶ 37.) After considering for a couple of days the

---

[1] The Court quotes from the complaint verbatim. All spelling, punctuation, and grammar are as in the original unless otherwise indicated.

"tremendous loss of housing as a result of an impermissibly imposed wrongful determination," Plaintiff filed this action. (*Id.* ¶ 38.)

Plaintiff asserts that Defendants "had terminated [his] right to supportive housing since he had no mental diagnosis, without due process[,]. i.e. written notification." (*Id.* § 42.) He also claims the following: (1) HRA had "negligently failed" to inform him of the approved 2019 PSH 2010e application (*id.* ¶ 15); (2) he was denied the right to apply for supportive housing without a mental diagnosis; (3) Barnes and Logan threatened him with an unlawful eviction; (4) he was denied access to viable permanent housing resource, which denied him an "opportunity to regain, among other things, wellness and self-sufficiency" (*id.* ¶ 16); (5) he was denied the opportunity "to participate in the achievement of housing stability, increasing his income and skills" (*id.*); and (6) he was kept in a "chronic homelessness state," and unidentified persons are "now preparing to oust him into homelessness without the aid and assistance of housing program staff and support services as a viable option" (*id.*). Plaintiff indicates his intention of filing a state court action in the "Civil Court, State of New York." (*Id.*) Along with his due process claim, Plaintiff also asserts state law claims of abuse of process, negligence, and negligent infliction of emotional distress.

## DISCUSSION

**A.     Claims against HRA and HASA**

Plaintiff's claims against the HRA and HASA must be dismissed because agencies of the City of New York are not entities that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is

generally prohibited from suing a municipal agency."). Plaintiff's claims against HRA and HASA will be considered as brought against the City of New York, which he also names as a defendant.

### B.     Procedural Due Process

The Court understands that Plaintiff is claiming that he has a right to supportive housing without a psychiatric evaluation and that Defendants terminated his PSH 2010e application without due process in violation of the Due Process Clause of the Fourteenth Amendment to the Constitution. He bring his due process claims against the City of New York and Barnes under 42 U.S.C. § 1983. Under Section 1983, an individual may bring claims in federal court, asserting the violation of a right secured by the Constitution or laws of the United States by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

The constitutional requirement of procedural due process imposes constraints on governmental decisions which deprive individuals of liberty or property interests within the meaning of the Due Process Clause. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). "The two threshold questions in any Section 1983 claim for denial of procedural due process are whether the plaintiff possessed a liberty or property interest protected by the United States Constitution or federal statutes, and, if so, what process was due before plaintiff could be deprived of that interest." *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982)).

Public assistance benefits "have long been afforded constitutional protection as a species of property protected by the federal Due Process Clause." *Kapps v. Wing*, 404 F.3d 105, 112 (2d Cir. 2005) (quoting *Goldberg v. Kelly*, 397 U.S. 254, 262 & n.8 (1970)); *see also M.K.B. v. Eggleston*, 445 F. Supp. 2d 400, 432 (S.D.N.Y. 2006) ("Persons who are qualified to receive welfare benefits have a legitimate claim of entitlement to such benefits."). Applicants for

benefits, no less than recipients, possess such a property interest. *Kapps*, 404 F.3d at 113. In the context of public assistance benefits, due process typically requires pre-deprivation notice and an opportunity to be heard. *Goldberg*, 397 U.S. at 260-61; *Hart v. Westchester Cnty. Dep't of Soc. Servs.*, No. 98-CV-8034, 2003 WL 22595396, at *4 (S.D.N.Y. 2003).

Where the government deprives a plaintiff of some property interest pursuant to an established procedure,[2] procedural due process is generally satisfied so long as some form of hearing is provided before the individual is deprived of the property interest. *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011). By contrast, where a person is deprived of a property right because of a random and unauthorized act, rather than through the operation of established state procedures, the Due Process Clause is satisfied if the state provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that a "random and unauthorized" deprivation of a protected interest does not result in a violation of procedural due process, as long as the state provides an adequate post-deprivation remedy); *Rivera-Powell v. New York City Bd. of Elections*, 470 F.3d 458, 465 (2d Cir. 2006) (holding that "[w]hen the state conduct in question is random and unauthorized, the state satisfies procedural due process requirements so long as it provides meaningful post-deprivation remedy").

New York State law provides public assistance applicants remedies to challenge the denial of benefits, including fair hearings under N.Y. Soc. Serv. Law § 22 and 18 N.Y.C.R.R. § 358, as well as an appeals process through Article 78 proceedings. These procedures have been found to be constitutionally sufficient to challenge adverse determinations in connection with

---

[2] Conduct is undertaken in accordance with established state procedures when, for example, it is "pursuant to a statute, code, regulation, or custom," or is the result of a decision made by a high-ranking official with "final authority over significant matters." *See Viteritti v. Inc. Vill. of Bayville*, 918 F. Supp. 2d 126, 134 (E.D.N.Y. 2013) (quoting *Chase Grp. All. LLC v. City of New York Dep't of Fin.*, 620 F.3d 146, 152 n.3 (2d Cir. 2010)).

government entitlement programs. *See, e.g.*, *Banks v. HRA*, No. 11-CV-2380, 2013 WL 142374, at *3 (E.D.N.Y. Jan. 11, 2013); *Vapne v. Eggleston*, No. 04-CV-565 (NRB), 2004 WL 2754673, at *5 (S.D.N.Y. Dec. 1, 2004).

Here, even if the Court assumes without deciding that Plaintiff's PSH 2010e application constitutes a property interest sufficient to trigger due process protections, Barnes' denial of the application alone does not deprive Plaintiff of that interest. His claim is not viable because he does not allege that he pursued an administrative remedy such as requesting a fair hearing or pursuing relief in state court under Article 78 before filing this action. Because Plaintiff does not allege that available state remedies are inadequate to challenge the adverse determination on his PSH 2010e application, he does not state a due process claim against the City of New York or Barnes. The Court therefore dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     State law claims**

Plaintiff also brings various state law claims, including negligent infliction of distress caused by the denial of his application for supportive housing. A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental

jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:   October 28, 2024
        New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge